

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-24-00285-CV

———————————————

SHATARA WRIGHT, Appellant

V.

MICHAEL STEPHEN PAYNE, Appellee

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 16-02115-211

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Shatara Wright, proceeding pro se, appeals from the trial court's final divorce decree dissolving her marriage to Appellee Michael Stephen Payne.[1] On January 30, 2025, we sent Wright a letter informing her that the record had been filed in the appeal and that her brief was due March 3, 2025. On March 3, 2025, Wright filed a motion requesting a thirty-day extension of the time to file her brief, arguing that she needed additional time to obtain legal representation. We granted that motion, ordering that Wright's brief was due April 2, 2025.[2]

At 10:46 p.m. on April 1, 2025, Wright filed a second motion for extension of time to file her brief—this time asking for a sixty-day extension—and again argued that she needed more time to obtain legal representation. In her certificate of conference, Wright stated that she had attempted to confer with Payne's counsel by email prior to filing her motion but that she had yet to receive a response from Payne's counsel. Payne filed an objection to Wright's second motion for extension.

---

[1]The parties are no strangers to our court; we previously dismissed two appeals filed by Wright and denied a petition for writ of mandamus that she had filed. *See Wright v. Payne*, No. 02-23-00400-CV, 2024 WL 4509590, at *1 (Tex. App.—Fort Worth Oct. 17, 2024, no pet.) (per curiam) (mem. op.) (granting Wright's motion to dismiss her appeal and dismissing appeal); *Wright v. Payne*, No. 02-19-00147-CV, 2019 WL 6003243, at *3 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (dismissing Wright's appeal for want of jurisdiction); *In re Wright*, No. 02-19-00269-CV, 2019 WL 3334611, at *1 (Tex. App.—Fort Worth July 25, 2019, orig. proceeding) (per curiam) (mem. op.) (denying Wright's petition for writ of mandamus).

[2]Wright's motion also requested that we transfer records from some of her other appeals into this appeal. We denied that request.

2

In his objection, Payne maintained that Wright's attempt at conferring on the motion had consisted of her emailing his counsel at 10:45 p.m.—one minute before Wright filed the motion. After considering Wright's second motion for extension and Payne's objection, we granted Wright's motion in part, ordering that her brief was due April 22, 2025. In our order, we warned Wright that her appeal could be dismissed unless her brief was timely filed. *See* Tex. R. App. P. 42.3(b), (c).

The April 22, 2025 deadline passed without Wright filing her brief.[3] On April 25, 2025, we notified Wright that her brief still had not been filed as the appellate rules require. *See* Tex. R. App. P. 38.6(a). We warned her that her appeal could be dismissed for want of prosecution unless she filed, on or before May 5, 2025, a response reasonably explaining her failure to timely file a brief. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), (c). On May 5, 2025, Wright filed a response to our letter. In her response, Wright once again complained about her inability to obtain legal representation. She stated that she was in contact with an attorney that she hoped to hire but that the attorney was "totally booked until July 18, 2025." She asked for an extension to file her brief until July 18, 2025, so that she could hire "the attorney of [her own] choosing to address [her] case."

We do not think that Wright's explanation for her failure to file a brief is reasonable. Wright filed her notice of appeal on June 18, 2024. She was pro se when

---

[3]On April 22, 2025, Wright filed a motion asking that we abate the appeal. We denied that motion.

she filed the notice of appeal, and she has remained pro se since that time. Thus, Wright has had over ten months to hire counsel to represent her in this appeal, but she has failed to do so. And despite the fact that we have granted her multiple extensions to file her brief, ostensibly so that she could hire counsel, she has failed to do what she said she would do (hire counsel) and has failed to do what we have demanded (file an appellate brief). Thus, we dismiss Wright's appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f); *see also Branch v. Fannie Mae*, No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no pet.) (per curiam) (mem. op.) ("[W]e hold pro se litigants to the same standards as licensed attorneys and require pro se litigants to follow the applicable laws and rules of procedure."); *Yan Jin v. PNC Bank*, No. 03-10-00392-CV, 2011 WL 1035726, at *2 (Tex. App.—Austin Mar. 9, 2011, pet. denied) (mem. op.) (noting that, with few exceptions, there is no right to appointed counsel in civil cases).

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 15, 2025

4